868 F.2d 1277
 10 U.S.P.Q.2d 1638
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INTERTECH LICENSING CORP., Plaintiff-Appellant,
v.
DIGITAL ELECTRONIC AUTOMATION, INC., Defendant-Appellee.
 No. 88-1470.
 United States Court of Appeals, Federal Circuit.
 Feb. 7, 1989.
Rehearing Denied March 16, 1989.
Suggestion for Rehearing In Banc Declined March 29, 1989.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Intertech Licensing Corporation (ILC) appeals from a decision of the United States District Court for the Eastern District of Michigan, No. 83-CV-1446-DT, finding claim 12 of U.S. Patent No. 3,636,635 ('635) and claim 15 of U.S. Patent No. 3,226,833 ('833) not infringed by Digital Electronic Automation, Incorporated (DEA) on motion for summary judgment. We affirm.
 
 OPINION
 
 2
 The district court correctly granted DEA's motion for summary judgment because ILC failed to show a genuine issue of material fact regarding infringement of claims 12 and 15 of the '635 and '833 patents, respectively. Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1560, 7 USPQ2d 1548, 1551 (Fed.Cir.1988). DEA established that: (1) its allegedly infringing coordinate measuring machines (CMM) operated the same as its CMMs found not to infringe claim 12 of the '635 patent in Lemelson v. United States, 223 USPQ 1183, 3 Cl.Ct. 161 (Cl.Ct.1983), aff'd in part, vacated in part, remanded, 752 F.2d 1538, 224 USPQ 526 (Fed.Cir.1985), and (2) claim 15 of the '833 patent was not infringed because DEA's CMMs do not, as is required by the claim, determine the dimension of a workpiece by calculating the distance traveled by the probe. After seven years of discovery, ILC's argument that someone could use DEA's CMMs in an infringing manner is insufficient to raise a genuine issue for trial.
 
 
 3
 This appeal is frivolous. ILC presented no evidence to the district court on which a finding of a genuine issue of material fact could have been made. An attorney's affidavit stating a belief that DEA's machines might be operated in an infringing manner is clearly incapable of establishing such an issue. ILC's filing and maintenance of this appeal, in the face of this court's holding in Lemelson and ILC's failure to submit evidence contrary to the Hicks declaration supporting summary judgment, was entirely devoid of any possibility of success, was vexatious, and constituted a waste of the resources of ILC, DEA and this court. Accordingly, under the provisions of Rule 38, Fed.R.App.P., DEA's request for sanctions is granted and ILC shall pay to DEA all of the latter's costs and attorney fees incurred on this appeal.[1]
 
 
 4
 BALDWIN, Senior Circuit Judge, concurring-in-part, dissenting-in-part.
 
 
 5
 I concur in the affirmance of the District Court's decision. I disagree that this appeal is frivolous or vexatious, and therefore dissent from that part of the decision.
 
 
 
 [1]
 DEA's request for sanctions uner Rule 11, Fed.R.Civ.P., for ILC's having filed the present complaint is denied as a matter properly considered at the trial level